Schreiber v. Gunby.

E. N. SCHREIBER, *Appellant*, v. J. F. GUNBY, *Appellee*.

No. 16,234.

M. E. RICHARDSON, *Appellant*, v. J. F. GUNBY, *Appellee*.

No. 16,235.

SYLLABUS BY THE COURT.

1. LIBEL—*Parties to Whom Libelous Words Refer.* A petition in an action for libel is insufficient when it fails to aver that the libelous words complained of were published of and concerning the plaintiffs personally.

2. ———— *Corporations—Officers.* In such a case, where the plaintiffs are the principal officers of a corporation, libelous words published against the company do not as a general rule affect its officers.

3. ———— *Imputations Upon Persons in Office of Trust or Profit.* Where libelous language is published of and concerning a person with reference to his conduct in an office, trade or profession, it will be held to be actionable without an averment of special damages.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed January 8, 1910. Reversed.

*P. C. Young, G. H. Lamb,* and *W. S. Willetts,* for the appellants.

*T. J. Hudson, D. J. Sheedy,* and *E. D. Mikesell,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: In these cases the same questions are involved and they will be considered as one. The action was commenced in the district court of Wilson county to recover damages for a libel alleged to have been published by the appellee against the appellants. In the district court a general demurrer was sustained to the petition, and the plaintiffs appeal. The ground upon which the demurrer was sustained is thus stated: "That no specific facts are set out in said petition or any of the causes of action therein contained upon which damages can be predicated." The petition alleges falsity and malice, together with the usual averments in such a case, by way of explanation and inducement.

Plaintiff M. E. Richardson is president and plaintiff E. N. Schreiber is secretary of a corporation engaged in the cement business at Altoona, Kan., and the defendant is president of a bank at that place. In the first count of the petition it is alleged that the defendant wrote a letter which reads:

"ALTOONA, KAN., ———, 1907.

"*O. M. Green, Winona, Minn.*
"DEAR SIR:
"In reply to your enquiry concerning the Altoona Portland Cement Company, will say your information is correct, and the concern is locally regarded with disfavor and distrust, and as a get-rich-quick scheme, its local promoters being men of very small means, and M. E. Richardson and E. N. Schreiber's integrity having been seriously questioned at different times. Those

two men's principal business seems to be promoters."
(Meaning thereby the plaintiff was dishonest, lending
himself to the furtherance of dishonest "get-rich-quick
schemes" and as secretary and director of a corpora-
tion was guilty of dishonest conduct, and seeking to
perpetrate a fraud upon would-be investors.) "Brad-
street's report of last February said that the officers
and directors were simply permitting their names to
be used in organizing the company." (Intending
thereby to convey the meaning that the officers, one of
whom is the plaintiff, were allowing the use of their
names to decoy others, and secure their money.) "The
Richardsons" (meaning and including the plaintiff)
"are engaged in so much litigation that their concerns
are not looked upon with much favor locally." (Intend-
ing thereby to convey that they without cause, this
plaintiff among them, were needlessly engaging in liti-
gation without merit.) "P. S. It is generally believed
that the stock has been given influential men connected,
for the use of their names, and that they have not a
dollar invested so indicated by Bradstreet's report."
(Intending by the use of such language to convey the
idea that this plaintiff, with others of the corporation,
the Altoona Portland Cement Company, was engaged in
a deception for the purpose of securing investors under
the false belief that influential men had purchased
stock, when in fact they had not.) Said letter was
signed by the defendant, J. F. Gunby."

In the second count it is alleged that the defendant
wrote a letter as follows:

"*Mr. E. H. Neal, Indianapolis, Ind.*
"DEAR SIR:
"In reply to yours of the 3rd instant about the Al-
toona Portland Cement Company, we regret that we
can not say anything for this concern. It was recently
characterized by the state bank examiner in my pres-
ence as a 'paper concern' and it is so regarded locally.
It is my best belief that not one dollar's worth of its
stock is placed locally and for the principal reason that
no one locally has any faith in the integrity or ability
of its officers." (Meaning thereby and intending to con-
vey the information that M. E. Richardson, its secre-
tary, possessed neither ability nor integrity.) "Its sec-
retary is regarded as one of the most tricky men in this

community and a good man to leave strictly alone and all his projects." (Meaning thereby that this plaintiff is dishonest and all his doings are tainted with fraud and deceit.)

"We would not trust the concern with one penny of our money." (Meaning thereby that its officers, among whom is the plaintiff, are so dishonest that under no circumstances would they deal honestly with anything placed in their hands.)          Signed,   J. F. GUNBY."

In the third count a letter is charged which reads:

          "ALTOONA, KAN., December 4, 1907.
"*Asa Elliott, esq., Marion, Ind.*
"DEAR SIR:
"In reply to yours of the second, relative to the Altoona Portland Cement would advise you to leave it strictly alone. Not one dollar's worth of stock placed locally unless given away as a bonus. Engaged in very extensive litigation and locally considered a get-rich-quick scheme. Officers have no practical knowledge of cement making, and but small financial means. Leave them alone is our advice.
          Yours respectfully,
               J. F. GUNBY, *President.*"

The plaintiffs seem to regard the language complained of as libelous *per se* and as having been used directly against them personally. We do not so construe all of it. In the first count the language used by the defendant refers to the cement company as a corporation and not to the plaintiffs personally. The only personal reference made to them is that their integrity has been seriously questioned at different times, that their "principal business seems to be promoters," and that they are engaged in much litigation. Less even than this is contained in the third count. No facts are stated to show how these statements might have resulted in injury to the plaintiffs, or either of them, and it is not alleged that any injury or loss was in fact sustained by either of them. The language is not such as would necessarily cause loss or damage, and therefore, without an averment as to special damages, it does not

constitute a cause of action.  We conclude that the district court rightfully sustained the demurrer as to these two counts.

In the second count the allegations refer directly to the plaintiffs, stating that "no one locally has any faith in the integrity or ability of its officers.  Its secretary is regarded as one of the most tricky men in this community and a good man to leave strictly alone and all his projects."  This language, used of and concerning a person acting in an official capacity, as these plaintiffs were, is actionable *per se.*  (Townshend, Slan. & Lib., 4th ed., p. 232, § 188; 25 Cyc. 326; 18 A. & E. Encycl. of L. 959; *Hetherington v. Sterry,* 28 Kan. 426.)  We conclude, therefore, that the district court erred in sustaining the demurrer to the second count, and the judgment is reversed to that extent.

The case is remanded to the district court, with direction to proceed in accordance with the views herein expressed.