No. 19,167.

MATTIE MARNEY, *Appellant*, v. J. D. JOSEPH, *Appellee*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Demurrer to Answer—Carried Back to Petition.*
   A demurrer to an answer may be carried back to a petition
   and the sufficiency of the petition tested upon that challenge,
   although a previous demurrer to the petition had been con-
   sidered and overruled.

2. SAME. Upon a demurrer to an answer which is carried
   back to a petition the plaintiff will not be deemed to have ad-
   mitted allegations in the answer which are inconsistent with
   and contradictory of those included in his petition.

3. LIBEL—*Letters by Guardian of Insane Ward—Not Absolutely
   Privileged.* False statements made by a guardian of an in-
   sane ward to relatives of his ward, imputing dishonesty and
   crime to another who is making a claim against the ward and
   his estate, are not within the rule of absolute privilege.

4. SAME—*When Not Conditionally Privileged.* Neither will the
   false statements above referred to be conditionally privileged
   if they were not written or spoken in good faith in the per-
   formance of the guardian's duty and without a malicious pur-
   pose, nor if the statements include libelous matter not perti-
   nent to the subject within the privilege of the guardian to
   write and publish.

Appeal from Butler district court; ALLISON T.
AYRES, judge. Opinion filed January 9, 1915. Reversed.

*C. L. Aikman,* of El Dorado, for the appellant.

*W. H. Von der Heiden, A. E. Morgan,* both of New-
ton, *George J. Benson,* and *T. A. Kramer,* both of El
Dorado, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Mattie Marney brought this
action against J. D. Joseph to recover damages result-
ing from an alleged libel. In her petition she set forth
a number of written statements made and published
by the defendant imputing misconduct, fraud and crime

to her. A demurrer to the petition was overruled, and the defendant then answered, admitting the writing and publication of the alleged libels and averring that his statements were true. He also alleged that the statements were written in good faith and were such as are privileged under the law. Plaintiff demurred to the answer, claiming that it failed to state a defense, and upon this demurrer the court determined that it should be carried back to the petition, and upon a reconsideration of the averments of the petition decided that a cause of action against the defendant was not alleged and accordingly gave judgment for defendant.

The fact that the court had previously overruled the demurrer to plaintiff's petition did not preclude a re-examination of its averments upon the demurrer to defendant's answer. It was competent for the court to carry the demurrer back to the petition, thus searching the entire record, and to decide whether or not the averments of the petition, supplemented as they may have been by admissions recited in the answer, stated a cause of action. There is a contention that plaintiff by her demurrer to the answer admitted the averments contained in it to be true, and that these admissions should be held to qualify the averments of the petition, and that so regarded the petition failed to state a cause of action. Ordinarily a demurrer admits the facts stated in the pleading to which it is addressed, and while it is true that the sufficiency of the petition may be tested on a demurrer to an answer and that in testing it any defects in the petition may be regarded as cured by admissions made in the answer (*Sill v. Sill*, 31 Kan. 248, 1 Pac. 556), yet on such consideration the averments of the petition can not be regarded to be overturned and destroyed by inconsistent and contradictory averments in the answer. The demurrer does not admit allegations of the answer which are contradictory to the averments in the petition. (6 Standard Proc. 952.) In passing upon the sufficiency

of the petition the court could not regard the averments in the answer which were wholly antagonistic to those of the petition, to the effect that the charges of misconduct and crime made against plaintiff were true, nor that any other of the averments in the answer which were inconsistent with or contradictory to the allegations of the petition were admitted.

We still have the question whether a cause of action is stated in the petition. The contention of the defendant is that the defamatory communications, about the writing and publication of which there is no dispute, are privileged. As the statements imputed to the plaintiff were those which rendered her liable to punishment and were calculated to make her odious and infamous, they were deemed to be actionable and malicious, unless they come within the exception of privileged communications. This exception includes what are termed absolute and qualified privileges. It is first contended that the defamatory statements in question belong in the class called absolute privilege. This privilege is founded on public policy and provides immunity for those engaged in the public service and in the enactment and administration of law. It is not intended so much for the protection of those engaged in that service as it is for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for recovery of damages. The statements in question, as we have seen, were not made in any judicial proceeding nor did the occasion bring them within the rule of absolute privilege. (*Kirkpatrick v. Eagle Lodge*, 26 Kan. 384, 40 Am. Rep. 316; *Redgate v. Roush*, 61 Kan. 480, 59 Pac. 1050, 48 L. R. A. 236; *Coleman v. MacLennan*, 78 Kan. 711, 98 Pac. 281, 20 L. R. A., n. s., 361; Note, 5 L. R. A., n. s., 163.) True, the defendant was a guardian of the insane man and his duty required him to protect the

Marney v. Joseph.

estate of his ward, but it did not require him to write and publish charges of misconduct, immorality and crime against those who claimed an interest in the estate of his ward nor those who contemplated the presentation of a claim against it. His statements, as will be observed, were not made to the probate or any other court in any judicial proceeding, but were voluntarily written to relatives of his ward, and some of the statements could not have had any relevancy to any duty owed to the ward. Even if the defamatory statements had been made in a pleading or proceeding in court, they must have been pertinent to the subject of inquiry in order to come within the rule of absolute privilege. (Townsend on Slander and Libel, 4th ed., § 222; Newell, Slander and Libel, 3d ed., §§ 518, 519.)

It is next contended that the communications come within the class of qualified or conditional privilege. Where a confidential relationship exists between parties so as to put upon one making the communication the duty of protecting the interests of others, and a statement containing no impertinent or unnecessary libelous matter is made in good faith and in the belief that it comes within the discharge of his duty, it may be within the rule of qualified or conditional privilege. In such a case the protection of privilege is not extended to defamatory statements made with bad intent. A confidential relation can not be used by a party to give expression to his personal spite or ill will, nor can he use the occasion as a cloak to indulge in a malicious publication of an unfounded charge of dishonesty and crime. If he publishes the statement not in the *bona fide* performance of a duty but in furtherance of a malignant design, the conditional privilege is destroyed. (*Kirkpatrick v. Eagle Lodge,* supra; *Redgate v. Roush,* supra; *Coleman v. MacLennan,* supra; *Richardson v. Gunby,* 88 Kan. 47, 127 Pac. 533, 42 L. R. A., n. s. 520; Newell, Slander and Libel, 3d ed., § 568 *et seq.*) In the plaintiff's petition it is expressly

alleged that the defamatory statements were not written or published in good faith, but that in writing and publishing them the defendant was actuated by a malicious purpose, and hence it must be held that the petition did state a good cause of action against the defendant. While it will devolve upon the plaintiff to prove the malice alleged in order to overcome the privilege claimed, still the questions of the good faith of defendant in an effort to perform a duty owed by him to the family of his ward, his belief in the truth of the defamatory statements, and whether they were made with actual malice, are all for the determination of a jury upon the proof that may be produced. (*Richardson v. Gunby*, supra).

The ruling of the court in sustaining the demurrer to plaintiff's petition can not be upheld, and hence its judgment will be reversed and the cause remanded for further proceedings.