Cooper v. Seaverns.

No. 18,894.

FANNY M. COOPER, *Appellant,* V. SUSAN H. SEAVERNS, *Appellee.*

SYLLABUS BY THE COURT.

1. ACTION FOR SLANDER—*Action for Slander by Defendant a Proper Set-off.* A cause of action for slander may be pleaded as a set-off in an action for slander (Civ. Code, § 100), and may be so pleaded under the circumstances referred to in section 102 of the civil code although not presented until after the expiration of the one year period of limitation.

2. SLANDER—*Proper Instructions—Proof Substantially as Alleged.* In an action for slander it is sufficient if the very slander charged be established by proof of substantially the language alleged in the petition, and an instruction to the jury is not prejudicially erroneous which states that recovery may be had if it be proved that the language charged in the petition, or language of identical import or substantially the same, were uttered.

Appeal from Wallace district court; JACOB C. RUPPENTHAL, judge. Opinion filed February 12, 1916. Affirmed.

*W. S. Roark,* of Junction City, for the appellant.

*W. E. Ward,* of Sharon Springs, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Mrs. Cooper sued Mrs. Seaverns for damages resulting from slander. After a trial occurring several years later, at which the jury disagreed, the defendant amended her answer by pleading as a set-off a cause of action for slander resulting from words spoken by the plaintiff. At the next trial the jury found both women guilty, assessed the damage of each at $1000, and returned a general verdict in favor of the plaintiff for "no dollars." Special findings of fact were also returned. The court granted the defendant's motion for a new trial. The plaintiff appeals and the defendant asks that certain rulings of the court be reviewed.

The motion for a new trial contained the usual grounds. The court did not state on the record its action respecting each ground separately but entered a general order sustaining the

motion. Matters outside the record can not be considered (*Mason v. Harlow,* 92 Kan. 1042, 142 Pac. 243, and authorities cited in the opinion) and the case falls within the general rule relating to the discretion of trial courts in granting new trials.

The plaintiff contends that a cause of action for slander can not be used as a counterclaim in an action for slander. It may be used as a set-off. (Civ. Code, § 100.) The only present limitation upon pleading a set-off is that the set-off must be a cause of action for the recovery of money and must be pleaded in an action for the recovery of money only.

The plaintiff further contends that the defendant's cause of action was barred by the statute of limitations when first pleaded. The answer to this contention is found in section 102 of the civil code, which reads as follows:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other."

A cross-demand is nothing more than a cause of action which one party might have used as a set-off or counterclaim if sued by the other.

The defendant assigns as error the overruling of her demurrer to the plaintiff's evidence. The court is of the opinion that the questions of what words were spoken and when they were spoken were properly left to the jury to determine.

The jury were instructed that recovery might be had if the language charged in the petition, or language of identical import or substantially the same, were uttered. Many decided cases hold that the identical words must be proved. To do this is to sacrifice substance to form. Words are important only as vehicles of meaning. If the very slander be established by proof of substantially the language charged, that is sufficient, and that is the thought conveyed to the jury by the words of the instruction.

There appears to have been no legal necessity for reading to the jury the former testimony of a material witness, the witness having been within reach of process. The findings of fact returned by the jury have not been considered because the court set all of them aside.

The foregoing covers all questions which may be material at another trial should the parties persist in litigation which was commenced in 1907 and was before this court six years ago. *(Cooper v. Seaverns,* 81 Kan. 267, 105 Pac. 509.)

The judgment of the district court is affirmed.