No. 20,545.

EDWIN L. O'NEIL, as Assignee, etc., *Appellee*, v. W. A. EPPLER, *Appellant*.

W. A. EPPLER, *Appellant*, v. FRANK O'NEIL, *Appellee*.

SYLLABUS BY THE COURT.

1. ACTION—*Cross-demand—Setoff and Counterclaim—Statute of Limitations.* Under section 102 of the civil code, parties holding cross-demands against each other, under such circumstances that if one had brought a suit against the other a counterclaim or setoff could have been set up, will not be deprived of the benefit of them by reason of the statute of limitations, but if the demand of one party becomes completely barred before the demand of the other comes into existence the barred demand is not available as a setoff against the live demand.

2. ACTION—*Failing "Otherwise Than on Its Merits"—Commencement of Action—Limitation of Action.* Section 22 of the civil code, which provides in effect that if an action be commenced within due time and the judgment thereon be reversed, or if the plaintiff fails in such action otherwise than on the merits, and the time limited for the bringing of an action has expired, he may bring a new action within one year after such reversal or failure, does not apply where there was no service of summons in the first proceedings and no action was in fact commenced.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 6, 1917. Affirmed.

*Herman Long,* of Wa Keeney, for the appellant.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for Minnie O'Neil.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal is brought to review the rulings in two cases that were consolidated and tried together. It appears that on July 5, 1910, W. A. Eppler sued Frank O'Neil before a justice of the peace in Ellis county and that a judgment was entered in Eppler's favor. An action was brought by O'Neil in November, 1911, to enjoin the enforcement of the judgment obtained before the justice of the peace. On an appeal from the judgment denying the injunction it was determined by this court on July 5, 1913, that the Eppler judgment before the justice of the peace was absolutely void, there being no service and therefore no jurisdiction in the court that rendered the judgment. (*O'Neil v. Eppler,* 90 Kan. 314, 133 Pac. 705.) The mandate was entered in the district court on October 7, 1913. Thereafter on November 30, 1914, Eppler sued O'Neil in the district court of Trego county, setting up the account upon which he had sought judgment before the justice of the peace. The last item of the account was of the date July 4, 1909. On November 21, 1914, Edwin L. O'Neil, as the assignee of Frank O'Neil, brought an action against Eppler before a justice of the peace of Ellis county to recover for personal services rendered by Frank O'Neil for Eppler and certain expenses incurred during the performance of the services. It appears that these services were rendered and the expenses incurred from May, 1914, until July of that year. From a judgment rendered by the justice of the peace in that case an appeal was taken to the district court and by agreement of the parties this case and the one brought by Eppler on November 30, 1914, were consolidated and tried together in the district court of Trego county.

On that trial O'Neil contended that the account sued on by Eppler had been effectually barred by the statute of limitations before the action was begun. It appears that Eppler's cause of action on the account accrued on July 5, 1909, and deducting the time O'Neil was absent from the state, about which

there is no dispute, it appears that more than three years had elapsed when his suit on the account was instituted on November 30, 1914. His action is barred unless it is saved by the provisions of section 22 of the civil code, which provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure." (Civ. Code, § 22.)

That section has no application here because it appears that no action by Eppler was commenced until long after the limitation period was complete. It is true he filed a bill of particulars, but as no service was obtained no jurisdiction was acquired and, as the trial court held, the attempted action was a mere nullity which did not interrupt the running of the statute of limitations. The filing of a pleading and precipe is not the commencement of an action and it can not be regarded as commenced until valid service has been obtained upon the defendant. (Civ. Code, § 19; *Insurance Co. v. Stoffels,* 48 Kan. 205; 29 Pac. 479.) It is contended that the provision applies because the action brought by Eppler before the justice of the peace failed otherwise than on the merits, but the difficulty with the contention is that an action was never in fact commenced. As said in *Denton v. Atchison,* 76 Kan. 89, 90 Pac. 764:

"To get the benefit of this extension two things are essential: First, the action must have been commenced within due time; and, second, there must have been a failure otherwise than upon the merits after the general limitation of time had expired." (p. 92.)

Other cases bearing upon the application of this provision of the code are *Smith v. Comm'rs of Bourbon Co.,* 43 Kan. 619, 23 Pac. 642; *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *McGlinchy v. Bowles,* 68 Kan. 190, 75 Pac. 123; *Parker v. Dobson,* 78 Kan. 62, 96 Pac. 472.

It is insisted, however, that the barred account of 1909 can at least be set up against the claim or demand of O'Neil for services rendered and expenses incurred in 1914. Upon this claim the jury found that Eppler was indebted to O'Neil for a balance of $62.74 and it is insisted that under the provisions of section 102 of the civil code the demands should be deemed

compensated so far as they equal each other. That section provides:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other."

The section has been considered in *Bank v. Elliott,* 97 Kan. 64, 154 Pac. 255, and *Cooper v. Seaverns,* 97 Kan. 159, 155 Pac. 11. Under the provision the cross-demands must co-exist; that is, they must subsist in such a way that if one party had brought suit on his demand the other could have set up the demand he held against that of the plaintiff. There must be an overlapping of live demands in point of time. If the demand of one party becomes barred and is not subsisting as a cause of action when the demand of the other party comes into existence, the former demand is not available. On the other hand if the demand of a party is a subsisting claim upon which he could maintain an action when and after the demand or cause of action arises in favor of the other party, the demand of either is available in an action brought against the other and the two demands must be deemed compensated so far as they equal each other. It appears that the three-year period of limitation applicable upon claims like those involved here had elapsed and the Eppler claim had become barred prior to May 25, 1914, when the first item in the O'Neil account was entered and before a right of action on any part of it had accrued. The district court correctly held that Eppler's account was completely barred before O'Neil's account began to run and that, therefore, no part of the Eppler account could be set off against the demand of O'Neil upon which a recovery was had herein.

The judgment of the district court is affirmed.