No. 21,884.

W. H. KOZEL, *Appellant*, v. CHARLES KOZEL, doing business as
THE MORROW LUMBER COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. LIBEL—*Cross-examination of Plaintiff.* "An improper cross-examination of the plaintiff considered, and held not to have been prejudicially erroneous." (*De Lissa v. Coal Co.*, 59 Kan. 319, 52 Pac. 886, followed.)

2. SAME—*Letter in Answer to Commercial Inquiry—When a Privileged Communication.* The qualified privilege attaching to a letter written by a retail merchant, in response to an inquiry from a wholesale merchant concerning another retail merchant, goes no further than the answer to the inquiry; and if the letter goes outside the answer to that inquiry and contains other matter which is libelous, an action for damages may be maintained by the merchant libeled.

3. SAME. If the outside matter in such a letter impeaches the credit of the competing merchant by imputing to him insolvency or dishonesty, such matter is actionable *per se*.

4. SAME—*Action for Libel— Set-off for Libel Proper.* Under section 100 of the code of civil procedure, in an action for libel, a set-off for libel may be pleaded and proved.

5. SAME—*Costs Divided—No Error.* In an action for libel, the costs may be divided, where a set-off for libel is pleaded and proved, and judgment is not rendered in favor of either party.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed April 12, 1919. Affirmed.

*Edgar Bennett*, and *Ivan A. Allen*, both of Washington, for the appellant.

*J. R. Hyland*, and *A. J. Freeborn*, both of Washington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages from the defendant for the publication of a libelous article in a newspaper published at Washington, Kan. The defendant filed an answer and cross petition in which he sought to recover damages from the plaintiff for a libelous letter written by him to the general sales agent of the Iola Portland Cement Company of Kansas City, Mo. The jury found for the plaintiff, but found that he was not entitled to damages.

Kozel v. Kozel.

The judgment recited "that plaintiff is entitled to no damages and that plaintiff and defendant shall each pay one-half of the costs." The plaintiff appeals.

1. The first complaint is about the cross-examination of the plaintiff concerning the letter he had written to the cement company. That letter was as follows:

"W. H. KOZEL,

Dealer in Lumber and All Kinds of Building Material.

MORROWVILLE, KANSAS, June 2, 1915.

"To General Sales Agent, Iola P. C. Co., K. C. Mo.

"GENTLEMEN:—Yours of 6-1 rec'd and noted. Will say Charles Kozel is my brother who was with me in the lumber business up to seven or eight years ago when through our dealings we decided for one or the other to sell his interests to the other. I bought his interest and good will out at that time, and he has since always tried to belittle me in my business. We are not on friendly terms because some three to four years ago he borrowed $3,000.00 from my brother-in-law and he was forced to try to collect same through court. He has judgment against him at the present time but cannot collect same at this time. I knew this money was loaned to him and was a witness in court against him, hence he is doing me all the dirt he can. Chas. Kozel is a farmer now. He feeds stock as any one else. He does not deal in grain for himself only, as he buys it as I do, to feed on farm. This cement, I understand, he sells out only to hurt my trade as well as he hurts surrounding towns, as he sold some here for 40 cts. net. Think you must have sold him one or two cars already, as the cement he got was the Iola. If you care of protecting legitimate dealers you will refuse to sell him or any one else here any more cement unless I buy from you which I may do later. If you want to quote him or sell him any more cement quote him 20 cts. per bbl. above the market and remit same to me which will be all right with me and my neighbors. He tried to do the same with lumber but has not succeeded as yet. Would be pleased if you would advise your friendly cement competitors about Chas. Kozel's ways in this deal. Please advise me whether I am right in this and oblige.

Yours truly, (signed) W. H. KOZEL.

"P. S.—Think C. K. might have got a car of this through the Haddam dealer who I understand handles your cement. Am I right? See about this and oblige. W. H. K."

It may be conceded that the cross-examination of the plaintiff about the letter was improper, although the evidence would have been competent if it had been introduced by the defendant to prove his case. In *De Lissa v. Coal Co.*, 59 Kan. 319, 52 Pac. 886, the defendant was permitted to improperly cross-examine the plaintiff concerning a number of letters that had been written by him, but the court refused to reverse the judg-

ment for such improper cross-examination, because it was not prejudicial. To reverse the present judgment on account of the cross-examination would be to ignore section 581 of the code of civil procedure, which requires the appellate court to disregard all mere technical errors and irregularities which do not appear to have affected the substantial rights of the party complaining.

2. The plaintiff contends that the letter written by him to the cement company was a privileged communication, and that the question of its privileged character should not have been submitted to the jury. The letter was written in response to the following communication from the cement company:

"JUNE 1, 1915.

"*W. H. Kozel Lumber Co., Morrowville, Kansas.*

"GENTLEMEN:—We have an inquiry from Charles Kozel, a dealer in grain and livestock, who also advises he is in the cement business in a retail way and asks for price on Iola.

"We find no mention of Mr. Kozel in the various books of the commercial agencies and are also wondering if he would be entitled to dealers' prices on Portland Cement. Our policy is to confine our sales to the regular lumber and building material dealers and wish you would please advise us if you consider Mr. Kozel a dealer in cement, also that we may know how to quote him accordingly.

"We appreciate the fact that you are giving us none of your valued patronage but we are just as glad to give you protection nevertheless, as we realize some day we may be favored with part of your trade.

"Thanking you for a prompt reply, we are

"Very Truly Yours,          "GENERAL SALES AGENT."

It may be conceded that the plaintiff is correct in his contention that it was for the court to determine, as a question of law, whether the letter was a privileged communication. An examination of the letter from the cement company reveals that it requested information on one subject only. The plaintiff's letter indirectly gave that information, but it contained statements concerning other matters on which no inquiry had been made. The additional statements thus made were outside the privilege. The privilege did not extend further than to an answer to the inquiry. (*Coleman v. MacLennan,* 78 Kan. 711, 98 Pac. 281; *Richardson v. Gunby,* 88 Kan. 47, 127 Pac. 533; *Marney v. Joseph,* 94 Kan. 18, 21, 145 Pac. 822; Note, 4 L. R. A., n. s., 1113; Note, 36 L. R. A., n. s., 146;

Newell on Slander and Libel, 3d ed., § 566; 25 Cyc. 386; 17 R. C. L. 343, 344.)

3. The court instructed the jury that the letter written by the plaintiff was actionable *per se.* The defendant complains of that instruction. Newell on Slander and Libel, 3d ed., § 47, in part, reads:

"Any written words are libelous which impeach the credit of any merchant or trader by imputing to him bankruptcy, insolvency, or even embarrassment, either past, present or future, or which impute to him fraud, or dishonesty or any mean and dishonorable trickery in the conduct of his business, or which in any other manner are prejudicial to him in the way of his employment or trade."

(See, also, *Hetherington v. Sterry,* 28 Kan. 426; *Schreiber v. Gunby,* 81 Kan. 459, 463, 106 Pac. 276; 25 Cyc. 339; 17 R. C. L. 288.)

The letter written by the plaintiff accused the defendant of dishonesty and insolvency, and from its language the jury could have reasonably concluded that the plaintiff desired to injure the defendant's business. The letter was actionable *per se,* and it was not error for the court to so instruct the jury.

4. Complaint is made of an instruction in which the court substantially told the jury that each party was entitled to recover damages from the other, if he had proved his case, "but if the judgment of the plaintiff does not exceed the judgment of the defendant then your verdict should be for the plaintiff and with no allowance for damages." The instruction was not erroneous under the rule declared in *Cooper v. Seaverns,* 97 Kan. 159, 155 Pac. 11, where this court said:

"A cause of action for slander may be pleaded as a set-off in an action for slander." (syl. ¶ 1.)

5. The court divided the costs between the plaintiff and the defendant. Complaint is made of that judgment. To support his contention, the plaintiff argues that the jury found for the plaintiff and that, therefore, he was entitled to recover the costs of the action. Sections 613 and 614 of the code of civil procedure read:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor in actions for the recovery of money only, or for the recovery of specific real or personal property." (§ 613.)

"Costs shall be allowed of course to any defendant upon a judgment in his favor in the actions mentioned in the last section." (§ 614.)

Judgment was not rendered in favor of either the plaintiff or the defendant. Under the statute, neither was entitled to judgment against the other for all the costs. Each was liable for the costs made by him, and it does not appear that a division of the costs was not a proper adjustment thereof.

The judgment is affirmed.