No. 28,913.

THE STOCKMEN'S BANK OF SENECA, NEBRASKA, *Appellant*, v. LEO
MADISON, *Appellee*.

(282 Pac. 570.)

Opinion
filed December 7, 1929.

*R. W. Turner, Donald Stanley*, both of Mankato, and *Ivan D. Evans*, of
Thedford, Neb., for the appellant.

*R. C. Postlethwaite* and *D. H. Postlethwaite*, both of Mankato, for the
appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover on a promissory note.
Judgment was rendered in favor of the defendant, and the plaintiff
appeals.

The defendant pleaded that there had been a settlement of the
indebtedness evidenced by the promissory note which had been se-
cured by a mortgage on personal property, the settlement having
been effected by turning the mortgaged property over to a party
named by the plaintiff and kept by the defendant for that party for
a period of time after the property had been turned over. The de-
fendant also pleaded that in August, 1922, the plaintiff had ma-
liciously caused the arrest of the defendant on a charge of having
disposed of a part of the mortgaged property and had caused the de-
fendant to be placed in jail and to be put to the expense of defend-
ing the criminal action, which was afterward on April 18, 1923, dis-
missed without trial, and that the plaintiff had thereby caused dam-
age to the defendant in an amount in excess of plaintiff's claim.
The plaintiff in reply denied the allegations of the answer and al-
leged that the cause of action in favor of the defendant for the
malicious prosecution was barred by the statute of limitations of

the state of Nebraska, where the note and mortgage had been given, where the property was situated, where the prosecution was commenced, where the arrest had been made, and where the parties, plaintiff and defendant, had resided from the time the note had been given until the statute of limitations of that state had run on any cause of action that might have existed in favor of the defendant on account of the malicious prosecution.

Testimony to prove the settlement was admitted in evidence. The statutes of the state of Nebraska were excluded. The court instructed the jury that it could find in favor of the defendant on the theory that a settlement had been effected, or on the theory that the defendant had sustained damages in excess of the amount due on the note by reason of the malicious prosecution. The court instructed the jury that—

"The claim of plaintiff that any of the matters set up by the defendant in defense of the claims of plaintiff are barred by the statute of limitations cannot be urged in so far as such matters are set up as a defense to the claims of plaintiff made in this action."

Section 60-310 of the Revised Statutes of Kansas reads:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

Statutes of Nebraska were introduced on the motion for a new trial, as follows:

"Civil actions can only be commenced within the time prescribed in this chapter, after the cause of action shall have accrued." (Compiled Statutes of Nebraska, 1922, § 8506.)

"Within one year an action for libel, slander, assault and battery, malicious prosecution, or false imprisonment; an action upon a statute for a penalty or forfeiture, but where the statute giving such action prescribes a different limitation, the action may be brought within the period so limited." (Compiled Statutes of Nebraska, 1922, § 8513.)

"The answer shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant; second, a statement of any new matter constituting a defense, counterclaim or set-off, in ordinary and concise language, and without repetition." (Compiled Statutes of Nebraska, 1922, § 8615.)

"The defendant may set forth in his answer as many grounds of defense, counterclaim, and set-off as he may have. Each must be separately stated and

numbered, and they must refer in an intelligible manner to the cause of action which they are intended to answer." (Compiled Statutes of Nebraska, 1922, § 8616.)

"The counterclaim mentioned in the next preceding section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." (Compiled Statutes of Nebraska, 1922, § 8617.)

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court." (Compiled Statutes of Nebraska, 1922, § 8620.)

"When cross demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other, but the two demands must be deemed compensated so far as they equal each other." (Compiled Statutes of Nebraska, 1922, § 8622.)

The section of our statutes to correspond with the last quoted one from Nebraska is as follows:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands·must be deemed compensated so far as they equal each other." (R. S. 60-715.)

Our statute renders unavailing the statute of limitations when cross demands have existed between the parties to the action if the two causes of action within any period of their existence are contemporaneous with each other. (*O'Neil v. Eppler,* 99 Kan. 493, 162 Pac. 311; *Refining Co. v. Oil Co.,* 104 Kan. 719, 721, 180 Pac. 807.) The Nebraska statute permits the statute of limitations to be set up in such actions.

The defendant lived in Nebraska from the time the criminal action was dismissed in April, 1923, until in October, 1924. His cause of action, if he had one, arose when that action was dismissed. Under the statutes of limitations of the state of Nebraska the claim of the defendant for damages for the malicious prosecution of the criminal action was barred in that state in April, 1924. This action was commenced on June 6, 1926. Under section 60-310 of the Re-

vised Statutes of Kansas the defendant could not prosecute his claim for damages in this state, because it was barred by the statute of limitations of the state in which the cause of action arose. It was error to refuse to admit the statutes of Nebraska in evidence, and it was error for the court to instruct the jury that the statutes of limitations could not be urged by the plaintiff against the claim of the defendant.

The judgment is reversed, and the cause is remanded to the district court for a new trial.