No. 19,825.

THE DROVERS STATE BANK, *Appellee,* v. O. B. ELLIOTT, *Appellant,* et al.

SYLLABUS BY THE COURT.

PROMISSORY NOTES—*Cross-demand and Counterclaim—Statute of Limitations.* Where a customer does business with a bank for a period of years, depositing notes, checks, accounts and his own promissory notes, and checking against the same as his business needs require, and the bank keeps the only record of this series of transactions, and the customer makes new notes from time to time as requested by the bank cashier, who made false and fraudulent representations to the customer, upon which he relied, and where the bank charged items against the customer which he had not drawn and failed to credit

him with deposits made, the defendant customer in an action by the bank to recover on notes so given may set up a cross-demand and counterclaim and have it used to compensate the bank's demand "so far as they equal each other," and the bar of the statute of limitations to such counterclaim is specifically removed by section 102 of the civil code.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed January 8, 1916. Reversed.

*Homer Kennett,* and *Olin Hunter,* both of Concordia, for the appellant.

*Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought an action to recover on two promissory notes executed by O. B. Elliott in May, 1907, and due in May, 1908. The action was filed in April, 1913. Elliott pleaded that the notes were given without consideration and that the plaintiff owed the defendant a large sum of money. On motion of plaintiff, the defendant was repeatedly required to amend his answer so as to set out his counterclaim, if he had one, and that such counterclaim be fully stated and pleaded. The second amended answer set up a counterclaim alleging that O. B. Elliott had been doing business with the plaintiff bank and had trusted to the plaintiff's cashier, and his business accounts of notes, checks and accounts had been kept by the plaintiff and its cashier, and that he had signed notes from time to time as requested by the plaintiff, and that the notes in controversy were thus signed at the request of the plaintiff and without any knowledge as to the true condition of the account between plaintiff and Elliott; and that no such indebtedness existed between the parties. It was also alleged that the plaintiff kept all the records of the transactions between it and the defendant, O. B. Elliott, and had refused access to them. Then followed such statement of account as Elliott could give, covering items on dates from July 15, 1905, to August, 1906, and alleging that the plaintiff had never given him credit for certain items and had wrongfully and fraudulently charged him with certain amounts, the net result being that the bank owed O. B. Elliott $3222.44.

To defendant's cross-petition and counterclaim the plaintiff demurred (1) on the ground that no cause of action was stated therein, and (2) that the counterclaim was barred by the statute of limitations. This demurrer was sustained, and this brings the case here.

The appellant relies on section 102 of the civil code. It reads:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other."

A cross-demand is defined as a demand which is preferred by one party to an action in opposition to a demand already preferred against him by his adversary. (1 Bouvier's Law Dict., Rawles' Rev., p. 481.) A set-off is a demand which a defendant makes against the plaintiff in the suit for the purpose of liquidating the whole or a part of his claim. (2 Bouvier's Law Dict., Rawles' Rev., p. 988.) Under our code (§ 100) a set-off is limited to cross-demands for the recovery of money. This court has defined a counterclaim thus:

"The ordinary meaning of counterclaim is a demand of something which of right belongs to the defendant in opposition to the right of the plaintiff. It is also defined as a claim, which, if established, will defeat or in some way qualify a judgment to which plaintiff is otherwise entitled; it is the claim of a defendant to recover from a plaintiff by setting up and establishing any cross-demand which may exist in his favor as against plaintiff." (*Venable v. Dutch,* 37 Kan. 515, 517, 15 Pac. 520.)

In the case at bar, the facts pleaded by the answer, and for present purposes admitted by the demurrer, show that O. B. Elliott had been doing business with the bank for several years. He made deposits of cash, checks, cattle returns and his own promissory notes and the like, from time to time, covering the years 1905, 1906, and 1907; and as his business dealings required, he checked against his bank account. As was his wont, he signed the notes in controversy, relying upon the representations of the bank's cashier, and the bank kept and still keeps the record of this series of transactions, and Elliott was denied access to the books. The bank cashier deceived him. At the time he gave these notes he not only did not owe the bank, but the bank had erroneously and, as he

says, fraudulently charged him with items which he never drew, and failed to credit him with certain amounts. He had pleaded these with such certainty as he could under the circumstances. He may have difficulty in proving all this, but that is immaterial here. Why should this counterclaim not be admitted? Measured by the definitions, and by the requirements of the code (§§ 97, 98, 100, 102), his counterclaim would have been sufficiently stated as an independent cause of action, and the code section relied upon by the appellant (§ 102) puts the statute of limitations entirely out of consideration.

In *Railroad Co. v. Thisler*, 90 Kan. 5, 133 Pac. 539, where the carrier sued a shipper for a balance of freight charges, a counterclaim for damages to the property shipped was upheld. In *Miller v. Thayer*, 96 Kan. 278, 150 Pac. 537, the plaintiff brought replevin for possession of goods upon which plaintiff held a mortgage to secure defendant's note for $4942. The defendant admitted the execution of the note and mortgage, and alleged that defendant had been induced to purchase the goods from plaintiff and to give the note and mortgage by reason of false and fraudulent representations made to him by the plaintiff upon which defendant had relied, and prayed judgment on his counterclaim for damages in the sum of $12,477.11. In that case the district court overruled the demurrer and this court affirmed the judgment. The authorities there cited are pertinent here. (See, also, 18 Decennial Dig., 1906, Set-off and Counterclaim, p. 100.)

Appellee's argument is largely directed to the bar of the statute of limitations, but section 102 of the code specifically declares that cross-demands and counterclaims shall be available to the defendant under the circumstances of a case like this notwithstanding the statute of limitations. Granting that as a separate action for relief on the ground of fraud the defendant's cross-demand would be too late, we must hold that not only the bar of the statute of limitations to such relief is removed, but the broad language of section 102 of the code takes down every bar; and if this counterclaim is established by the evidence it must be used as compensation against plaintiff's claim "so far as they equal each other."

It follows that the decision of the district court must be reversed and the cause remanded for further proceedings.