No. 38,500

FRED CRUMRINE, *Appellant,* v. HUGH A. CUMMINGS, *Appellee.*

(240 P. 2d 463)

Opinion filed January 26, 1952.

*D. G. Smith,* of Girard, *P. E. Nulton* and *R. L. Letton,* both of Pittsburg, were on the briefs for the appellant.

*Carl Pingry,* of Pittsburg, and *Jack Goodrich,* of Parsons, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court overruling appellant's demurrer to the cross petition filed by appellee in an action for damages brought by appellant. The facts insofar as this appeal is concerned may be briefly stated as follows.

On February 20, 1947, appellant filed his petition in the district court of Crawford County against appellee to recover damages alleged to have resulted from appellee's negligent operation of his automobile resulting in a collision with appellant's automobile on February 15, 1947. On March 13, 1951, three years and twenty-six days after the collision occurred, appellee filed his answer containing a general denial of appellant's allegations and pleading the defense of contributory negligence. On the same day and with his answer, appellee filed a cross petition seeking affirmative relief to recover damages from appellant by reason of appellant's negligence in the same collision in an amount more than double the amount sued for by appellant. To appellee's cross petition, appellant filed a demurrer asserting the cross petition did not state a cause of action in favor of appellee and against appellant and that the cross petition showed on its face that the cause of action set up therein was barred by the two-year statute of limitations at the time it was filed.

The sole question involved in this appeal is whether the statute of limitations prevents appellee from filing a cross petition seeking affirmative relief against appellant in an action arising out of the same automobile collision pleaded by appellant in his petition, when appellant's petition was filed within the two-year statutory period but the cross petition was not filed until more than two years after the collision.

At the outset it may be stated that actions for injury to the rights of another such as pleaded in this action can only be brought within two years after the cause of action shall have accrued. (G. S. 1949, 60-306.)

It will be noted that the cause of action of either party, if any, accrued on February 15, 1947, the date of the collision, and would be barred within two years thereafter by the provisions of the mentioned statute. Appellant filed his petition within the statutory period; however, appellee's cross petition was not filed within the statutory period. It is appellee's contention that the cause of action pleaded in his cross petition is not barred by any statute of limitations for the reason that when appellant filed his petition against appellee, the running of any statute of limitations was at that time tolled upon any action or cross petition which appellee might have or claim to have against appellant growing out of the same transaction pleaded in appellant's petition. We cannot agree with appellee's contention. G. S. 1949, 60-313 provides:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

The purpose of statutes of limitation is not to suppress or deny a defendant the right to plead a pure defense (34 Am. Jur. 57), and in interpreting the above statute, this court has held that it has no application to pleading matters of pure defense. (*Collins v. Richardson,* 168 Kan. 203, 212 P. 2d 302.) In the instant case an answer was filed by appellee setting up the pure defense of contributory negligence on the part of appellant which, if proved, would bar any right of recovery against appellee. The statute of limitations does not apply to this matter of pure defense. In addition to the answer, appellee filed a cross petition asking damages.

We have held, in construing the provisions of G. S. 1949, 60-313, that a cause of action or demand barred by the two-year statute of limitations (G. S. 1949, 60-306, Third), whether asserted by way of cross petition, counterclaim or setoff, is regarded as an affirma-

tive action, and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations and is unavailable when barred. (34 Am. Jur. 57, § 63; *Woodworth v. Kendall,* ante p. 332, this day decided; *Collins v. Richardson,* supra; *McCarthy v. Sink,* 152 Kan. 659, 107 P. 2d 790; *Muckenthaler v. Noller,* 104 Kan. 551, 180 Pac. 453; *Malcolm v. Larson,* 158 Kan. 423, 148 P. 2d 291). Statutes of limitation have been adopted to require claimants to seek enforcement of their claims promptly and not wait the statutory period or longer and then attempt to affirmatively assert their demands in whole or in part.

Appellee directs our attention to those provisions of the Code of Civil Procedure that in an answer a defendant may set up a counterclaim or setoff (G. S. 1949, 60-710); that G. S. 1949, 60-711 defines the term counterclaim as one which must exist in favor of a defendant and against a plaintiff between whom several judgments might be had in an action arising out of the transaction set forth in the petition; and that G. S. 1949, 60-713 states that a setoff can only be pleaded in an action for recovery of money; and contends that the matters asserted in his cross petition are proper under G. S. 1949, 60-715, which reads as follows:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or setoff could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other."

It will be observed that the counterclaim and setoff mentioned in the foregoing statute must be existing in favor of the defendant and against the plaintiff between whom a several judgment might be had in the action, and in that event can only be used insofar as they compensate each other. In the instant case, it must be observed that the allegations of the cross petition praying for affirmative relief are such that they do not constitute a counterclaim or setoff as defined by our Code.

Appellant's action was for the recovery of damages due to negligence of appellee. Appellee's defense by way of answer was that the appellant was guilty of negligence barring recovery. His cross petition asserted negligence on the part of appellant resulting in injury to appellee, and sought affirmative relief in twice the amount sued for by appellant.

Where two parties are involved in an automobile collision, both

sustaining damages—one probably in excess of the other, there is no such thing as a counterclaim or setoff as defined by the mentioned statutes, as there can be no several judgments and no striking of a balance between the parties for the excessive damages suffered by one. If the negligence of one party is the sole and proximate cause of the damage, the other may recover. If both parties are negligent and the negligence of one party is greater than the other, neither may recover and neither would have a counterclaim, setoff, cross demand or cause of action against the other.

The cross petition filed by appellee has all the characteristics of and in effect is an independent action or suit by appellee against appellant seeking affirmative relief on a cause of action barred for more than one year prior to its filing, and the trial court erred in not sustaining the demurrer filed thereto.

The judgment of the lower court is reversed with directions to sustain the demurrer, striking appellee's cross petition from the files.