No. 42,963

GEORGE V. POWERS and PATRICK POWERS d/b/a GREAT BEND CANDY AND TOBACCO CO., *Appellants,* v. E. C. STURGEON, JR., d/b/a M & S WHOLESALE COMPANY, *Appellee.*

(376 P. 2d 904)

Opinion filed December 8, 1962.

*Larry E. Keenan,* of Great Bend, argued the cause, and *Robert P. Keenan,* of Great Bend, was with him on the brief for the appellants.

*Douglas B. Myers,* of Dodge City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action on an oral contract for the recovery of money. Plaintiff prevailed under its petition. Defendant prevailed under its cross petition in a less amount. The two amounts were set off against each other and judgment for plaintiff was rendered accordingly. Plaintiff has appealed.

The question involved concerns the right of defendant to assert its cross-petition as a "pure defense" to plaintiff's action.

Plaintiff company is a wholesale candy and tobacco dealer at Great Bend. Defendant company is a wholesale distributor at Dodge City. In 1954 plaintiff and defendant entered into an oral agreement whereby defendant was to purchase cigarettes from plaintiff at a stated price per carton. The parties further agreed that plaintiff would pay to defendant a refund of one cent per carton of cigarettes so purchased. Thereafter defendant ordered cigarettes from plaintiff weekly. The agreement was not to run for a definite period of time and was considered terminable at the will of either party. Plaintiff paid defendant a total of not more than $400 under the one cent per carton refund agreement, the final payment being made in December, 1956, in the sum of $150. The sale and purchase arrangement continued until May, 1961, at which time plaintiff filed this action to recover the sum of $4,535.06, based on defendant's indebtedness for cigarettes and other merchandise so purchased. Defendant cross-petitioned for the sum of $2,962, based on 336,238 cartons of cigarettes purchased by it from plaintiff from August, 1954, to May, 1961, at the rate of one cent per carton refund, less the sum of $400 previously paid by plaintiff.

At a pre-trial conference the court ruled that defendant was entitled to be heard on the "pure defense" as pleaded in its answer and cross-petition. The parties stipulated to the number of cartons of cigarettes purchased by defendant from plaintiff over the period in question, and also to the correctness of the amounts claimed by the parties, if found to be due.

Three special questions were submitted to the jury:

"1. Do you find that the original agreement between the parties contained, as a part of the consideration therefor, an agreement to the effect that defendant

was to make payment with each week's order for the previous week's purchases of cigarettes before he would be entitled to a refund of 1¢ per carton of cigarettes purchased?"

This was answered "no."

"2. Do you find by a preponderance of the evidence that the original agreement was that defendant was to pay his account at his convenience, and that plaintiff was to make refund periodically on all cigarettes purchased regardless of the date of payment by defendant?"

This was answered "yes."

"3. Do you find that on or about December 19, 1956, plaintiff told defendant in effect that the agreement for refund was no longer in effect, and that defendant was not entitled to further refund; and that defendant either expressly or by his actions or conduct impliedly agreed to rescinding said contract insofar as it pertained to refund of 1¢ per carton of cigarettes purchased?"

This was answered "no."

From the stipulations and special findings the court found that defendant was indebted to plaintiff in the amount of $4,535.06, and that plaintiff was indebted to defendant in the amount of $2,962. Accordingly, judgment was entered in favor of plaintiff for $1,573.06, that being the difference between the two amounts.

Plaintiff has appealed, and although it asserts five specifications of error, and a like number of questions—an examination of its brief indicates that so far as it is concerned the determinative question in the case concerns the right of defendant to assert, by way of answer and cross-petition, as "pure defense," the amount allegedly owed to defendant by plaintiff arising out of the one cent per carton refund agreement.

In support of its theory plaintiff contends that defendant's claim matured more than three years prior to the date plaintiff's claim came into existence and, having arisen out of an oral contract, was therefore barred by the three-year statute of limitation (G. S. 1949, 60-306, *Second*), and that under the provisions of G. S. 1949, 60-715, defendant's claim was unavailable as a cross-demand. The last-mentioned statute reads:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or setoff could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other."

This statute was construed in *O'Neil v. Eppler*, 99 Kan. 493, 162 Pac. 311, in which it was said:

"Under the provision the cross-demands must coexist; that is, they must subsist in such a way that if one party had brought suit on his demand the other could have set up the demand he held against that of the plaintiff. There must be an overlapping of live demands in point of time. If the demand of one party becomes barred and is not subsisting as a cause of action when the demand of the other party comes into existence, the former demand is not available. On the other hand if the demand of a party is a subsisting claim upon which he could maintain an action when and after the demand or cause of action arises in favor of the other party, the demand of either is available in an action brought against the other and the two demands must be deemed compensated so far as they equal each other." (p. 496.)

The difficulty, from plaintiff's standpoint, is that here the jury found that defendant was to pay his account at his convenience; that plaintiff was to pay the one cent per carton refund periodically on all cigarettes purchased regardless of the date of payment by defendant; that the agreement for refund was not rescinded in December, 1956, as claimed by plaintiff—the effect of such findings being that defendant was entitled to a continuing refund of one cent per carton on all cigarettes purchased. Under the facts, therefore, it is clear there was "an overlapping of live demands in point of time," as spoken of in the O'Neil case, above.

The instructions are not abstracted and therefore the presumption is that the jury was properly instructed on all matters in issue.

Concerning the question of the right of defendant to assert its claim as "pure defense" to the claim of plaintiff, we call attention to another section of the code. G. S. 1949, 60-313, reads:

"When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense."

This statute was construed in *Muckenthaler v. Noller*, 104 Kan. 551, 180 Pac. 453, as follows:

"Section 24 of the code of civil procedure, which declares that, 'When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense,' is construed to mean that a barred right of action cannot be used as a setoff, or counterclaim, or for the purpose of obtaining affirmative relief, *but not to apply to matters of pure defense.*" (Syl. 4.) (Our emphasis.)

In *Collins v. Richardson*, 168 Kan. 203, 212 P. 2d 302, it was held:

"The statute making barred demands unavailable as a cause of action or a ground of defense (G. S. 1935, 60-313) has no application to matters of pure defense." (Syl. 3.)

In *Malcolm v. Larson*, 158 Kan. 423, 148 P. 2d 291, it was held:

"In a case where a cross demand is pleaded as a matter of pure defense, it must be connected with and grow out of the same transaction or matter which forms the basis of the plaintiff's claim. (Syl. 2.)

Under the facts found by the jury defendant was, under the provisions of G. S. 1949, 60-715, above, as interpreted in the *O'Neil* case, above, entitled to assert its claim against that of the plaintiff—that is to say, it was entitled to have its indebtedness to plaintiff offset by the amount plaintiff owed defendant arising out of the refund agreement. On the other hand, and assuming, for the sake of argument, defendant's claim be considered as having been barred by the three-year statute of limitations, it appears to be equally clear that under the language of G. S. 1949, 60-313, above, as construed in the *Muckenthaler* and other cases cited, above, defendant was entitled to assert its claim as a matter of "pure defense," for it is certain that it was connected with and grew out of the same transaction which formed the basis of plaintiff's claim—the sale of cigarettes and the agreement for refund.

So, under either theory, a correct result was reached.

We see nothing wrong with the outcome of this lawsuit. Defendant owed plaintiff for cigarettes purchased. Plaintiff owed a less amount to defendant arising out of the refund agreement. The end result was that plaintiff's indebtedness was deducted from the amount of defendant's indebtedness—and judgment was entered in favor of plaintiff for the difference—all of which was fair, just and equitable.

Other matters urged by plaintiff in its brief have not been overlooked, but, in view of what has been said, require no discussion.

We find no error in the record and the judgment is affirmed.