No. 44,017

Rochester American Insurance Company, a Corporation, Phoenix Insurance Company, a Corporation, Security Insurance Company of New Haven, a Corporation, The Home Insurance Company, a Corporation, and Pennsylvania Fire Insurance Company, a Corporation, *Plaintiffs*, v. Cassell Truck Lines, Inc., *Appellant*, Chicago, Rock Island & Pacific Railroad Company and Howard D. Hill, *Appellees*, and Fred Jurczewsky, *Defendant*.

(402 P. 2d 782)

Opinion filed June 12, 1965.

*Daniel C. Bachmann*, of Wichita, argued the cause, and was on the brief for the appellant.

*Clayton M. Davis*, of Topeka, argued the cause, and *Mark L. Bennett*, also of Topeka, was with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This appeal is from an order dismissing a cross-claim filed by the defendant, Cassell Truck Lines, Inc. (appellant), against its co-defendants, Rock Island & Pacific Railroad Company and Howard D. Hill (appellees), in a subrogation action instituted by five insurance companies (plaintiffs), seeking reimbursement for sums paid to the insured, Screw Machine Products, Inc., for damage to its building and personal property. The damage occurred when a truck owned by Cassell was struck by a train of Rock Island causing the truck to collide with the insured's building.

The sole question presented on appeal is whether the statute of limitations prevents appellant Cassell from filing a cross-claim seeking affirmative relief against the appellees in an action arising out of the same incident pleaded by plaintiffs in their petitions, where the original petitions were filed within the two-year limitation period, but the cross-claim was not filed until more than two years after the accident.

The facts presented by the record are not in dispute.

On January 22, 1962, Fred Jurczewsky, a defendant below, was driving a semi-tractor and trailer owned by Cassell in a northerly direction north of the point where Rock Island's railroad tracks intersect Thirteenth Street in Wichita, Kansas. Jurczewsky abandoned the vehicle after it stalled in an area between the railroad tracks and a building owned by Screw Machine Products, Inc. Immediately thereafter, Howard D. Hill, while operating a train for Rock Island, struck the vehicle causing it to collide with the building, resulting in damage to the building and its contents.

On August 7, 1963, the five plaintiffs instituted five separate actions as co-insurers of the building and contents against the appellant Cassell, its driver, Jurczewsky, and the appellees to recover their respective payments to Screw Machine Products, Inc. On September 6, 1963, appellees filed separate demurrers to each of the petitions on the ground that counts II and III contained therein failed to state a cause of action. The appellant and Jurczewsky requested additional time to plead on September 9, 1963, and the court entered an order granting an additional ten days.

It was generally agreed between counsel that all five cases should be continued past January 1, 1964, to enable consolidation of the cases under the new code of civil procedure. (This did not extend appellant's time to file pleadings). Accordingly, the hearings on the demurrers were continued to January 13, 1964, and on that date the hearings were further continued to January 20, 1964. On the 20th day of January the demurrers, treated as motions to dismiss counts II and III of plaintiffs' petitions, were ruled on by the court, and were sustained as to count II of the petitions but were overruled as to count III.

On January 27, 1964, the district court entered its order consolidating the five cases. The journal entry reflecting the above rulings on the demurrers (motions to dismiss) was filed on January 27, and granted the plaintiffs ten days to file an amended petition. It

also allowed the defendants ten days thereafter in which to further plead. On the same day plaintiffs filed their amended petition.

On February 7, 1964, appellees filed their answer to the amended petition. The appellant and Jurczewsky filed a motion requesting an enlargement of time within which to plead, and were granted an additional five days. On February 14, 1964, appellant and Jurczewsky filed their answer; and on the same day, appellant filed a cross-claim against appellees seeking relief for damages to its semi-tractor and trailer allegedly caused by appellees' negligence.

The appellees filed a motion to dismiss appellant's cross-claim on March 5, 1964, on the ground that the cross-claim showed on its face the cause of action set up therein was barred by the two-year statute of limitations (K. S. A. 60-513) at the time it was filed.

Thereafter a journal entry dated March 23, 1964, was filed which reflected the ruling of the district court sustaining appellees' motion to dismiss the cross-claim of the appellant, and the order dismissing the claim, from which appeal has been duly perfected.

The cause of action, if any, accrued on January 22, 1962, the date of the accident, and was barred within two years thereafter by the applicable statute of limitations. Plaintiffs filed their original petitions within the two-year limitation period. However, the appellant's cross-claim was not filed until more than three weeks after the end of such period.

The appellant contends its cross-claim is not barred by the statute of limitations for the reason that under K. S. A. 60-213(d), a cross-claim may be filed after the running of the statute of limitations as long as the cross-claim arises out of the transaction set forth in the petition as the foundation of the plaintiffs' claim or is connected with the subject of the action.

Section 60-213 of the new code of civil procedure generally follows Rule 13 of the federal rules of civil procedure. Paragraph (d), however, is an exception. It reads:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or cross-claim could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations if arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action; but the two demands must be deemed compensated so far as they equal each other."

The foregoing provision in the new code was designed to express the statutory rule formerly set forth in G. S. 1949, 60-715, which reads:

"When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or setoff could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other or by reason of the statute of limitations; but the two demands must be deemed compensated so far as they equal each other."

Under the old statute a defendant could assert a counterclaim or setoff, even though barred by the statute of limitations, to the extent of the plaintiffs' claim, providing both claims co-existed at some time. (See, *Christenson v. Akin,* 183 Kan. 207, 326 P. 2d 313; *Stockmen's Bank v. Madison,* 129 Kan. 253, 282 Pac. 570; *First Nat'l Bank v. Willis,* 128 Kan. 681, 280 Pac. 782; *Ramsel v. Brandt,* 119 Kan. 756, 241 Pac. 117; and *Bank v. Elliott,* 97 Kan. 64, 154 Pac. 255.)

The appellant calls our attention to the fact that the term "setoff" as it appeared in the old statute (60-715, *supra*) has been deleted, and the word "cross-claim" substituted in its stead in the new section (60-213, *supra*). A cross-claim under the new code is defined as "any claim by one party against a co-party." (K. S. A. 60-213[g].) By reason of this change, the appellant argues 60-213(*d*), *supra,* now applies to cross-claims (between parties on the same side of the case) and to counterclaims (between opposite parties).

In substance, the appellant's argument is that the new code of civil procedure which became effective January 1, 1964, denies to the appellees the defense of the provisions of the statutes in effect at the time of the occurrence in question—that the new code has extended the provisions of the old code (60-715, *supra*) to cross-claims.

Statutes of limitation are statutes of repose, and, as such, are designed to secure the peace of society and to protect the individual from being prosecuted upon stale claims. (*Bauserman v. Charlott,* 46 Kan. 480, 26 Pac. 1051; *Freeman v. Hill,* 45 Kan. 435, 25 Pac. 870; and *Schulte v. Westborough, Inc.,* 163 Kan. 111, 180 P. 2d 278.) In the *Schulte* case it is stated:

". . . There was a time when the defense of the statute of limitations was by some courts regarded as technical and with disfavor. The modern tendency is to the contrary. Following a discussion of the historical development of the subject in 24 Am. Jur., Limitation of Actions, § 14, it is stated:

" 'The modern tendency is, although there are some cases which contain statements to the contrary, to look with favor upon the defense. Statutes of

limitation are now considered as wise and beneficient in their purpose and tendency, they are looked upon as statutes of repose, and are held to be rules of property vital to the welfare of society. Such statutes are deemed to be in the interest of morals, serving to prevent perjuries, frauds, and mistakes, and to render people attentive to the early adjustment of demands, and prevent the disturbance of settlements which have been made but of which the proof may have been lost.'

"Most statements of text writers and judges are to the same effect. So likewise in this state statutes of limitations are statutes of repose and as such have long been considered with favor. (*Freeman v. Hill*, 45 Kan. 435, 437, 25 Pac. 870; see, also, *Dougherty v. Norlin*, 147 Kan. 565, 569, 78 P. 2d 65.)" (p. 115.)

Statutes of limitation are usually considered to be remedial rather than substantive, in that the remedy only and not the right or obligation is barred. (*In re Estate of Reed*, 157 Kan. 602, 142 P. 2d 824; *Murray v. Modoc State Bank*, 181 Kan. 642, 313 P. 2d 304; and 34 Am. Jur., Limitation of Actions, § 400, p. 314.) For example, the fact that a statute bars recovery against a debtor does not extinguish the debt, but simply leaves it unpaid without any legal remedy on the part of the creditor to enforce its payment by suit. (*Bomud Co. v. Yockey Oil Co.*, 180 Kan. 109, 299 P. 2d 72, 58 A. L. R. 2d 1265; and *Murray v. Modoc State Bank*, supra.) That statutes of limitation are considered remedial rather than substantive is of particular signficance in the area of cross demands, in that if the right itself was barred, it could never be asserted as a defense in the form of a counterclaim or cross-claim.

The effect of the new code on pending actions is covered by K. S. A. 60-2608, which provides:

"As to any actions or proceedings commenced prior thereto, the procedures prescribed by this chapter shall apply except that the court in which the same are pending may by order prescribe that an action or proceeding may continue in whole or in part in the manner prescribed by prior law if such prior law would expedite the just and efficient disposition of the particular action or proceeding."

Judge Gard in his commentary on this section says:

"*Explanation:* This section provides that in actions which are pending when the 1963 revised code becomes effective on and after January 1, 1964 and its publication in the statute book, the new procedure will apply unless the trial court orders that the former procedure shall continue to be applicable. Of course only procedural provisions are involved. In such matters as venue and jurisdiction, and the provisions relating to substantive and remedial matters, they take effect when the law becomes effective and cannot relate back to change the character of pending actions." (Gard, Kansas Code of Civil Procedure Annotated, p. 844.)

Under the foregoing explanation remedial matters were not affected by the new code in actions which arose and were pending prior to the adoption of the new code.

Whether the foregoing explanation is altered by the rule stated in the case of *In re Estate of Reed,* supra, at page 608, to the effect that there are no vested rights to any particular remedy or procedure, is immaterial to determine on the facts in the instant case.

For the reasons hereafter assigned, we think the claim asserted by the appellant against the appellees as a cross-claim was barred under the applicable two-year statute of limitations at the time it was first asserted, whether the provisions of the statutes in effect prior to January 1, 1964, or the provisions of the new code, which became effective on such date, are applied.

When considering the effect of the running of the statute of limitations this court is committed to the general doctrine, almost universally recognized by the courts and textwriters, that there is a substantial distinction between a claim asserted as a pure defense and one where affirmative relief is sought. Statutes of limitation are not intended to affect matters asserted strictly in the defense of an action. (*Muckenthaler v. Noller,* 104 Kan. 551, 180 Pac. 453; *McCarthy v. Sink,* 152 Kan. 659, 107 P. 2d 790; *Collins v. Richardson,* 168 Kan. 203, 212 P. 2d 302; and *Crumrine v. Cummings,* 172 Kan. 290, 240 P. 2d 463.)

One of the leading cases in this jurisdiction on the point is *Muckenthaler v. Noller,* supra, where an action was brought to enforce contribution on a note which the plaintiffs were compelled to pay. The defense asserted in the trial court was that the defendants' signatures were procured by fraud. The plaintiff contended that such defense was barred by the statute of limitations. On appeal this court held the statute of limitations is not applicable to mere defenses, and that while a barred cause of action cannot be used for the purpose of obtaining affirmative relief, it may be used as a pure defense to defeat the plaintiff's right of recovery.

As a general rule a setoff, counterclaim or cross-claim has the nature, characteristics and effect of an independent action or suit by one party against another. Accordingly, in the absence of a statute to the contrary, a demand pleaded by way of a setoff, counterclaim or cross-claim is regarded as an affirmative action in most jurisdictions, and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations. (1 A. L. R. 2d 630; 34 Am. Jur., Limitation of Actions, § 63, p. 57; 53 C. J. S., Limi-

tations of Actions, § 106, p. 1090; and see, also, *Muckenthaler v. Noller*, supra.)

In 1909 our legislature enacted a "saving" statute (L. 1909, ch. 182, § 102) which excluded cross demands from the operation of the statute of limitations under certain specified conditions. The language of this statute was retained in 60-715, *supra*, of the old code of civil procedure.

In *Christenson v. Akin*, supra, the court in considering 60-715, *supra*, said:

". . . The counterclaim here being considered grew out of the same contract and transaction which is the basis of plaintiffs' cause of action in their petition. *Although defendants may be barred from affirmative relief because of limitations*, they would seem to have a right to use their counterclaim as a matter of *pure defense* to reduce any judgment received by plaintiffs herein." (p. 213.) (Emphasis added.)

In *Ramsel v. Brandt*, supra, the defendant claimed a setoff against plaintiff's cause of action, and the court held: ". . . The set-off constituted a cross-demand which compensated plaintiff's demand *pro tanto*, notwithstanding the general statute of limitations. . . ." (p. 756.)

In *Bank v. Elliott*, supra, in construing the statute under consideration the court said:

". . . Granting that *as a separate action for relief* on the ground of fraud the *defendant's cross-demand would be too late*, we must hold that not only the bar of the statute of limitations to such relief is removed, but the broad language of section 102 of the code takes down every bar; and if this counterclaim is established by the evidence it must be used as compensation against plaintiff's claim '*so far as they equal each other.*'" (p. 67.) (Emphasis added.)

For other decisions construing 60-715, *supra*, see, *Cooper v. Seaverns*, 97 Kan. 159, 155 Pac. 11; *McKenna v. Morgan*, 102 Kan. 478, 170 Pac. 998; and *Powers v. Sturgeon*, 190 Kan. 604, 376 P. 2d 904.

Attention is invited to *Insurance Co. v. Bullene*, 51 Kan. 764, 33 Pac. 467, where the court held:

"Where certain defendants seek to enforce their demands against a *code-fendant*, as to such demands the action will be deemed commenced as of the time when their answers setting up such demands are filed." (Syl. ¶ 1.) (Emphasis added.)

From the cases construing 60-715, *supra*, it is clear that a defendant's cross demand, otherwise barred by the statute of limitations, must be used by such defendant, if it is established by the evidence,

as compensation against the plaintiff's claims only so far as they equal each other.

A careful study of 60-213(*d*), *supra,* in the new code discloses an intention to carry over the Kansas law as it developed under 60-715, *supra,* of the old code. While it is true the word "cross-claim" was substituted for the word "setoff," the cross-claim must qualify under the statute as a cross demand. The statute says "when *cross demands have existed between persons* under such circumstances that, if one had brought an action against the other, . . . " (Emphasis added.)

A cross demand was defined in *Bank v. Elliott,* supra, as "a demand which is preferred by one party to an action in opposition to a demand *already preferred against him* by his adversary." (p. 66.) (Emphasis added.)

"A cross-demand is nothing more than a cause of action which one party might have used as a set-off or counterclaim if sued by the other." (*Cooper v. Seaverns,* supra, p. 160.)

Section 60-213(*d*), supra, of the new code has the same provision as the old requiring that "the two demands must be deemed compensated so far as they equal each other."

Another change in 60-213(*d*), *supra,* was the insertion of the expression "if arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action." This phrase was contained in G. S. 1949, 60-711, relating to counterclaims.

Judge Gard in his commentary on 60-213(*d*), *supra,* says:

"*Prior Law.* This subsection is the same as G. S. 1949, 60-715, with language added to meet the necessity arising from the liberalization of the right to assert counterclaims of any description, and to prevent the suspension of the statute of limitations as to counterclaims other than those arising out of or connected with the plaintiff's claim.

"*Explanation of Changes in Kansas Law:* Under the former statute its application was limited to counterclaims and setoffs which could *then* have been asserted under the procedure in force before the new code was adopted. Under the new rules if the former statute had not been amended it would operate as to all counterclaims (or setoffs) which can *now* be asserted, whether mandatory or permissible, under the much broader practice of permitting counterclaims of any description. By providing in this subsection that the counterclaim must 'arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or be connected with the subject of the action,' in order to be relieved from the operation of the statute of limitations, the practical effect is substantially the same as under the former statute." (Gard, Kansas Code of Civil Procedure Annotated, pp. 68, 69.)

Substitution of the word "cross-claim" for the word "setoff" in carrying the provisions of 60-715, *supra,* to the new code was no doubt necessitated by liberalization in the new code which authorized a cross-claim against a co-party. (K. S. A. 60-213[g].)

It may therefore be said 60-213(*d*), *supra,* was designed to retain the substance of 60-715, *supra,* of the old code. It was modified only to the extent that adoption of Rule 13 of the federal rules of civil procedure in the new code required. Thus, the decisions of this court construing 60-715, *supra,* of the old code are authoritative insofar as applicable in construing the provisions of 60-213(*d*), *supra.*

The provisions of K. S. A. 60-213, to the extent they were modeled after federal rule 13, govern only the procedural matter of pleading and litigating those claims defined as counterclaims and cross-claims; they do not purport to govern the validity of a claim. In *Keckley v. Payton,* 157 F. Supp. 820, the court said:

". . . Rule 13 of the Federal Rules of Civil Procedure, which permits counterclaims, has no application to a counterclaim that is barred by the statute of limitations. . . ." (p. 823.)

(See, 3 Moore's Federal Practice [2nd ed.], § 13.11.) While the general purpose of the provisions in 60-213, *supra,* enacted pursuant to federal rule 13 is to obtain in one action full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill, they were not intended by the legislature to supersede the statute of limitations.

Upon the foregoing construction of 60-213(*d*), *supra,* as applied to the facts in the instant case, the appellant Cassell would have the right to assert its cross-claim against the appellees (Cassell's co-defendants below) to the extent of the appellees' claim against it. Here, however, the appellees have asserted no claim against the appellant. The only plaintiffs in the action are the insurers. The statute definitely contemplates that a demand must be asserted by one defendant against the cross-claiming defendant.

The appellant did not interpose its cross-claim on the theory that if it should be called upon to pay damages to the plaintiffs, the appellees would be liable to it for such damages. Obviously, the appellant's cross-claim cannot be considered defensive in that it was not filed to defeat or diminish recovery by the plaintiffs or the appellees. The whole defense to the plaintiffs' claim of negligence was set forth in the appellant's answer by a general denial and by

the averment that any damage to the building was caused by the appellees' negligence.

Under present posture of this case the cross-claim of the appellant against the appellees amounts to nothing more than a cross-petition instituting an action by the appellant against the appellees seeking affirmative relief (recovery from the appellees for damages to its truck) after the bar of the statute of limitations has fallen. There exists no claim by the appellees against the appellant against which the appellant might set off or recoup any claim it might have against the appellees.

The contention of the appellant that the statute of limitations was extended by the trial court in its order of January 20, 1964, granting the insurers ten days within which to file an amended petition, and further granting the defendants ten days within which to answer the amended petition, has been considered and found to be without merit. Obviously, reference to the "defendants" in the journal entry of January 20, 1964, had reference to the defendants, Rock Island and its engineer, Howard D. Hill, appellees herein, and not to the defendant Cassell or defendant Jurczewsky, who did not appear before the court on January 20, nor at any other time during the entire pendency of this action, at which counsel for Rock Island appeared. The appellant did not appear at any hearing until the motion to dismiss the appellant's cross-claim was signed on March 23, 1964. Furthermore, the court was not vested with any power to waive or extend the statute of limitations.

For the reasons heretofore stated, we are compelled to hold the appellant's cross-claim is barred by the two-year statute of limitations, there being no statutory exception or tolling provision applicable to the cross-claim which was filed for the purpose of obtaining affirmative relief.

The judgment of the lower court is affirmed.