Robert E. HATFIELD, Plaintiff,

v.

**BURLINGTON NORTHERN RAILROAD CO., Defendant and Third Party Plaintiff,**

v.

**BINGHAM TRANSPORTATION, INC., Third Party Defendant.**

No. 89–1529–K.

United States District Court, D. Kansas.

Sept. 24, 1990.

Timothy J. King, Stinson, Lasswell & Wilson, Eldon L. Boisseau, Turner and Boisseau, Wichita, Kan., for Robert E. Hatfield.

Phillip R. Fields, Wichita, Kan., for Burlington Northern R. Co.

Robert J. Nugent, Turner and Boisseau, Wichita, Kan., for Bingham Transp., Inc.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This matter is before the court on countermotions for partial summary judgment between defendant/third party plaintiff Burlington Northern Railroad Co. (hereinafter, the railroad) and third party defendant Bingham Transportation, Inc. (hereinafter, Bingham).

Plaintiff Robert E. Hatfield originally filed this lawsuit claiming that he sustained personal injuries as the result of the negligence of the railroad in a truck/train accident. In response thereto, the railroad filed a counterclaim against Hatfield in which it alleged Hatfield's negligent operation of the truck was the proximate cause of property damage to the railroad's train. The railroad was later allowed leave to file a third party complaint against Bingham, Hatfield's employer.

In its third party complaint, the railroad alleged that Bingham was liable for the property damage to its train on the basis of *respondeat superior* and also as the result of Bingham's own negligence in supplying Hatfield with a truck which "was defective in condition and unsafe for operation in one or more ways." (Third Party Complaint, Dkt. No. 23, p. 3.) In response thereto, Bingham asserted as a counterclaim that it was entitled to recovery against the railroad for the property damage to its truck because of the railroad's negligence.

On July 20, 1990, Bingham filed a motion for partial summary judgment against the railroad. Bingham alleged in such motion that the railroad's claim of negligence

against Bingham was not properly before the court because the claim was beyond the scope of the leave order and was barred by the statute of limitations.

On July 27, 1990, the railroad filed a response and a countermotion for partial summary judgment against Bingham. In its response, the railroad argued that the statute of limitations had not run because the third party complaint was filed only a short time after the negligence of Bingham became reasonably ascertainable as a possible cause of the accident in question. In support of its motion for partial summary judgment against Bingham, the railroad alleges that the statute of limitations began to run against Bingham's property damage counterclaim on the date of the collision, and as a result such counterclaim is now barred.

On August 31, 1990, Bingham filed its response and reply to the railroad's prior motion and response. Bingham argues that the railroad's third party claim of negligence against it is barred because the railroad could have discovered the alleged brake problem at the time of the accident with reasonable investigation. However, Bingham argues that regardless of the statute of limitations, a compulsory counterclaim may be brought as long as it is filed within the defendant's responsive pleadings in a timely manner under Fed.R. Civ.P. 12. Bingham further argues that since its counterclaim was timely filed as a compulsory counterclaim under Fed.R. Civ.P. 13(a), such claim is not barred.

On September 5, 1990, the railroad filed its reply. The railroad alleges that an expert report by one of Bingham's own experts supports a finding that from the visual evidence of the accident in question it was not reasonably ascertainable that faulty brakes may have caused or contributed to the accident. The railroad also asserts in its reply that Bingham has not shown any special circumstance which would toll the running of the statute of limitations on its counterclaim.

After considering the pleadings and the relevant law, the court concludes that Bingham's motion for partial summary judg-

ment against the railroad should be denied. The court further finds that the railroad's motion for partial summary judgment against Bingham should be granted to the extent hereafter more fully explained.

## Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable, such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249, 106 S.Ct. at 2510.

In considering a motion for summary judgment, this court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital,* 854 F.2d 365, 367 (10th Cir.1988). Further, the party moving for summary judgment must demonstrate its entitlement beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985).

However, in resisting a motion for summary judgment, the nonmoving party may not rely upon mere allegations, or denials, contained in its pleadings or briefs. Rather, the party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegations. *Burnette v. Dresser Industries, Inc.,* 849 F.2d 1277, 1284 (10th Cir.1988). Moreover, the moving party need not disprove plaintiff's claim, but rather, must only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.,* 812 F.2d 1319, 1323 (10th Cir. 1987).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing of an essential element of the case to which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). That is, if on any part of the *prima facie* case there is insufficient evidence to require submission of the case to a jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. at 2552–53.

Countermotions for summary judgment do not automatically empower the court to dispense with the determination of whether questions of material fact exist. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir.1983), *cert. denied*, 464 U.S. 805, 104 S.Ct. 53, 78 L.Ed.2d 72 (1983). The court must consider the countermotions with no less careful scrutiny than an individual motion. *Missouri Pac. R. Co. v. Kansas Gas & Elec. Co.*, 862 F.2d 796 (10th Cir.1988).

### Findings of Fact

The material facts for purposes of this summary judgment motion are not disputed.[1] On September 29, 1987, at approximately 10:35 A.M., a truck driven by Hatfield collided with the railroad's train at what the parties refer as the Haverhill Road Crossing in Butler County, Kansas. Within 24 hours of the collision Bingham, Hatfield's employer, learned that its truck had been damaged in a collision with the railroad's train.

On September 11, 1989, Hatfield filed this lawsuit claiming that he sustained personal injuries as the result of the negligence of the railroad. On October 2, 1989, the railroad filed its answer and counterclaim against Hatfield. In its counterclaim, the railroad alleged that Hatfield's negligent operation of the truck caused property damage to the railroad's train.

On February 7, 1990, the railroad took the deposition of Hatfield. During that deposition, Hatfield testified that he may have had brake problems on his truck and in the past had problems with such brakes. (Railroad's Reply, Dkt. No. 55, Hatfield Depo. at 25.) In its initial motion for partial summary judgment, the railroad asserts as one of its uncontroverted facts that this was the first time it had learned of a possible braking problem. (Railroad's Init. Memo. in Supp. of Part'l Summ. Judg., Dkt. No. 48, p. 2, ¶ 10.) Since Bingham failed to specifically refute that alleged fact, it is deemed admitted pursuant to D.Kan. Rule 206(c).

Thus, since it is an established fact that during Hatfield's deposition the railroad learned for the first time of a possible braking problem, a reasonable inference is that the railroad could not have reasonably learned of the alleged brake problem at an earlier date. Other evidence which supports a finding that the railroad could not have reasonably learned of the alleged brake problem at an earlier date includes the fact that Bingham failed to specifically refute such. (*See* Railroad's Init. Part'l Summ. Judg. Memo., p. 2, ¶ 13.)

In addition, a letter dated July 16, 1990 from Jay N. Pfeiffer, a consulting engineer, to counsel for Bingham, concludes from reviewing a photographic notebook of the accident in question that since "the tractor-trailer slowed in a straight line up to the area of collision[,] there is no indication of brake imbalance on the tractor front axle." (Railroad's Reply Memo., Dkt. No.

---

1. The railroad specifically admitted all of Bingham's alleged facts (with one minor clarification). (Railroad's Resp. & Init. Part'l Summ. Judg. Memo., Dkt. No. 48, p. 1.) In addition, Bingham did not in any way specifically respond to the railroad's additional statement of uncontroverted facts in its initial motion for summary judgment. (*See* Bingham's Resp. to Railroad's Part'l Summ. Judg. Motion, Dkt. No. 52.) Thus, such facts are deemed admitted pursuant to D.Kan. Rule 206(c).

55, attachment marked as Depo. Ex. 2.) Thus, there is evidence to support a finding that the physical evidence would not have led a reasonable person to question the adequacy of the brakes.

In addition, there is evidence in this case to support a finding that the railroad did not know of the possible extent of the truck's defective or unsafe condition until some time in March, 1990—after receiving a copy of the "Driver–Vehicle Examination Reports" prepared by the Motor Vehicle Enforcement Division of the Kansas Highway Patrol on the truck in question.

At a discovery conference on February 16, 1990, counsel for the railroad asked for leave to file a third party complaint against Bingham. In an order filed March 2, 1990, the court granted the railroad leave to file the third party complaint.

On March 6, 1990, the railroad filed its third party complaint against Bingham. In such complaint the railroad alleges that Bingham is liable for the property damage to its train on the basis of *respondeat superior* and also as the result of Bingham's own negligence in supplying Hatfield with a truck which "was defective in condition and unsafe for operation in one or more ways." (Third Party Complaint, Dkt. No. 23, p. 3.) In response, Bingham counterclaimed that it was entitled to recovery against the railroad for the property damage to its truck because of the railroad's negligence.

### Conclusions of Law

Since Bingham filed its motion for partial summary judgment against the railroad first, the court will start by addressing the merits of such motion.

In its motion, Bingham initially argues that the railroad's claim of negligence is not properly before the court because it is beyond the scope of the order filed March 2, 1990, granting the railroad leave to file a

**2.** Furthermore, it could be argued that such a restrictive reading of the March 2, 1990 order is not justified since the substance of that order was merely the granting of leave to file the third party complaint. In addition, up until the entry of the final pretrial order, the court retains

third party complaint against Bingham. In essence, Bingham's argument is that since the March 2, 1990 order only references the *respondeat superior* claim against Bingham, the order forms the law of the case and only allows that claim to be asserted by the railroad against Bingham. The court need not spend much time in disposing of this argument.

No legal authority is cited in support of such argument. Thus, Bingham cannot satisfy its initial burden of demonstrating entitlement to summary judgment beyond a reasonable doubt on the claim. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985).[2]

Bingham also argues that the railroad's third party claim is not properly before the court because the relevant statute of limitations had run before the claim was filed. In making its argument, Bingham asserts that the following sets forth the applicable statute of limitations for this case:

(a) The following actions shall be brought within two years:

. . . .

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

K.S.A. 60–513(a)(4) (1989 Supp.). In addition, Bingham points out that the accident in question happened on September 29, 1987, and that the railroad's third party claim was not filed until March 6, 1990. Thus, Bingham asserts that since it is clear that the railroad's third party claim was filed over two years after the accident, the statute of limitations, as set forth above, had passed.

The railroad does not dispute that the two-year statute of limitations as set forth in K.S.A. 60–513(a)(4) applies to this case. However, it does assert that the running of that two-year period was tolled by K.S.A. 60–513(b) (1989 Supp.) which, in relevant part, provides as follows:

discretion to allow supplemental pleadings and generally retains jurisdiction to change its own rulings after final judgment until the case is appealed. *See, e.g.,* Fed.R.Civ.P. 15(d), 59(e), & 60.

[T]he causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, . . .

Based on this statute, the railroad argues that its cause of action did not accrue until it first learned that faulty brakes may have caused or contributed to the accident in question.

The railroad points out that the evidence in this case indicates that it did not, and could not reasonably, conclude that the brakes caused or contributed to the accident in question until Hatfield responded in his February 7, 1990 deposition that he had brake problems with the truck. Thus, the railroad argues that its third party claim against Bingham was tolled until February 7, 1990, and that since it filed its claims shortly thereafter, the statute of limitations on the claim had not run.

■■■ One of the first cases to interpret the predecessor provision of K.S.A. 60–513(b) found that "the period of limitations does not commence until the act giving rise to the cause of action first causes substantial injury, or in the alternative, if the fact of injury is not reasonably ascertainable until some time after the initial act, then not until the fact of injury becomes reasonably ascertainable to the injured party." *Hecht v. First National Bank & Trust Co.*, 208 Kan. 84, 90, 490 P.2d 649 (1971). Furthermore, that court went on to conclude that "where the evidence is in dispute as to when substantial injury first appears or when it becomes reasonably ascertain-

able, the issue is for determination by the trier of fact." *Id.* at 93, 490 P.2d 649. *See also Cowan v. Lederle Laboratories*, 604 F.Supp. 438, 443 (D.Kan.1985) (the question of when it was reasonably ascertainable to the plaintiff that the discoloration to her teeth was related to her ingestion of tetracycline was a jury question); *Pizel v. Zuspann*, 247 Kan. 54, 76, 795 P.2d 42 (1990) (the general rule is that "a cause of action accrues when the right to maintain a legal action arises"); *Knight v. Myers*, 12 Kan. App.2d 469, 474, 748 P.2d 896 (1988) ("[a]n injury is reasonably ascertainable when the plaintiff knew or could reasonably have been expected to know of the alleged negligence").

■■ The court has already found in its findings of facts that the railroad has presented unrefuted evidence that it did not know of the alleged braking problem until February 7, 1990. Furthermore, the court has also found that there is evidence to support a finding that the railroad could not have reasonably concluded from the physical evidence at the accident that brakes caused or contributed to the accident. Thus, there is evidence to support a finding that the alleged "fact of injury" by the negligent maintenance of the brakes by Bingham was not "reasonably ascertainable" until the railroad learned of such on February 7, 1990. As a result, Bingham's motion for summary judgment against the railroad's third party claim must be denied.[3]

Next, the court must address the railroad's countermotion for partial summary judgment against Bingham. The railroad alleges that the statute of limitations began to run against Bingham's property damage counterclaim on the date of the

---

**3.** The finder of fact must ultimately determine whether the weight of evidence in this case supports a finding that the "fact of injury" was not "reasonably ascertainable" until February 7, 1990. If the finder of fact so finds, then the railroad's March 6, 1990 filing of its third party claim against Bingham was timely filed because the running of the statute of limitations for such claim must be tolled pursuant to K.S.A. 60–513(b) until February 7, 1990. However, if the fact finder concludes that the railroad could

have reasonably been expected to know of Bingham's alleged negligent maintenance of the brakes, at or a short time after, the September 29, 1987 accident, then pursuant to K.S.A. 60–513(a)(4) the statute of limitations on the railroad's third party claim would have run on, or a short time after, September 29, 1989. In that case, the railroad's March 6, 1990 filing of its third party claim against Bingham would be barred by the statute of limitations.

collision, and as a result such counterclaim is now barred.

◼ In response to such argument, Bingham does not argue or allege any facts that would support a finding that the running of the statute of limitations on such claim should be tolled. Instead, Bingham merely asserts, without any case citation, that a compulsory counterclaim under Fed.R. Civ.P. 13(a) may be brought as long as it is filed within the defendant's responsive pleadings in a timely manner under Fed.R. Civ.P. 12, regardless of the statute of limitations. Bingham further argues that since its counterclaim was timely filed as a compulsory counterclaim under Fed.R. Civ.P. 13(a), such claim is not barred. This argument is not persuasive.

How Fed.R.Civ.P. 13(a) applies to the determination of whether a claim has been timely filed is clearly set forth by the following commentary:

> Rule 13 only governs the procedural matter of pleading and litigating claims which it defines a counterclaims and cross-claims; *it does not purport to govern the matter of when a claim is valid and enforceable.* Thus in diversity suits, the question whether the filing of the complaint tolls the statute of limitations as to a compulsory counterclaim, or does not toll the statute, or whether other acts toll the statute, is to be decided by state law.

3 MOORE'S FEDERAL PRACTICE ¶ 13.11 at p. 13–48 (1989) (footnotes omitted; emphasis added). *See also Walker v. Armco Steel,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) (in diversity suits a federal court must look to the state law to determine when the suit is "commenced" for tolling purposes).

Thus, Bingham's argument that the Federal Rules of Civil Procedure determine whether its claim was timely filed for statute of limitations purposes is simply wrong as a matter of law. Whether Bingham's counterclaim was timely must be determined by reference to Kansas law.[4] The specific issue the court must address is whether Kansas law requires a counterclaim to be barred by the statute of limitations even though the main claim is not barred by the statute.

Kansas courts have recognized that:

> As a general rule a setoff, counterclaim or cross-claim has the nature, characteristics and effect of an independent action or suit by one party against another. Accordingly, in the absence of a statute to the contrary, a demand pleaded by way of a setoff, counterclaim or cross-claim is regarded as an affirmative action in most jurisdictions, and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations.

*Rochester American Ins. Co. v. Cassell Truck Lines,* 195 Kan. 51, 56, 402 P.2d 782 (1965). In addition, Kansas has the following statute which applies to this situation:

> When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim or cross-claim could have been set up, neither can be deprived of the benefit thereof by ... reason of the statute of limitations if arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim or connected with the subject of the action; but the two demands must be deemed compensated so far as they equal each other.

K.S.A. 60–213(d) (1989 Supp.).

This statute was interpreted in *Lightcap v. Mobil Oil Corp.,* 221 Kan. 448, 464, 562 P.2d 1 (1977), to allow a counterclaim which was barred by the statute of limitations to be used as a setoff if the claim "(a) coexisted with the plaintiffs' claim and (b) arises out of the 'contract or transaction' on which the plaintiffs' claim is based." Moreover, the court in *Belger Cartage Serv., Inc., v. Holland Constr. Co.,* 224 Kan. 320, 331, 582 P.2d 1111 (1978), said that even if a claim is barred by a statute of limitations, K.S.A. 60–213(d) allows such claim to "be used as a matter of pure defense but not as an affirmative action." It must be noted, however, that the court

4. The parties have stipulated in the pretrial order that Kansas law governs this case.

went on to hold that since the defendant's counterclaim for negligence by the plaintiff was barred by the two-year statute of limitations in K.S.A. 60–513, it was clearly erroneous for the trial court to instruct the jury that the statute of limitations had not run and that the defendant could fully recover for its losses. *Id.* at 332, 582 P.2d 1111.

▮ In sum, the law of Kansas is that if the counterclaim is not brought before the running of the statute of limitations, then the counterclaim cannot be used as an affirmative action. However, the counterclaim can still be used as a pure defense or as a set off against the plaintiff's claim if the claim, "(a) coexisted with the plaintiffs' claim and (b) arises out of the 'contract or transaction' on which the plaintiffs' claim is based." *Lightcap*, 221 Kan. at 464, 562 P.2d 1.

▮ In this case it is an established fact that within 24 hours of the collision Bingham learned that its truck had been damaged in a collision with the railroad's train. Thus, the evidence before the court establishes that Bingham had knowledge of the accident on September 30, 1987. Since there is not any argument made that the two-year statute of limitations set forth in K.S.A. 60–513(a)(4) should be tolled, Bingham's counterclaim became barred on September 30, 1989. As a result, since Bingham's counterclaim was not brought until April 5, 1990, it is barred by the statute of limitations set forth in K.S.A. 60–513(a)(4).

IT IS THEREFORE ORDERED this 24 day of September, 1990, that third party defendant Bingham Transportation's motion for partial summary judgment (Dkt. No. 46) against third party plaintiff Burlington Northern Railroad is denied.

IT IS FURTHER ORDERED that Burlington Northern Railroad's motion for partial summary judgment (Dkt. No. 48) against third party defendant Bingham Transportation's counterclaim is granted insofar as is consistent with the above reasoning.

IT IS FURTHER ORDERED that this matter will next come before the court for a status conference on October 19, 1990, at 3:15 P.M.